Mr. Daniel McIntyre Korner McIntyre Attorneys for the South Florida Employment and Training Consortium 4790 Tamiami Trail S.W. 8th Street Coral Gables, Florida 33134
Dear Mr. McIntyre:
This is in response to your request for an opinion on substantially the following question:
 IS THE SOUTH FLORIDA EMPLOYMENT AND TRAINING CONSORTIUM, AN INTERLOCAL GOVERNMENTAL AGENCY CREATED PURSUANT TO s 163.01, F.S., SUBJECT TO THE PROVISIONS OF s 768.28, F.S.?
Section 163.01, F.S., is the Florida Interlocal Cooperation Act of 1969. The title to the enabling legislation provides that it is an act `empowering public agencies to enter into contracts for the performance of functions' and `providing for the administration of the contract.' Chapter 69-42, Laws of Florida. The declared purpose of the Act is to `permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage' which will allow the units of local government to enter into an agreement to provide services and facilities in a manner `that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.' Section 163.01(2), F.S. Subsection (4) of s 163.01
authorizes public agencies of the state to enter into interlocal agreements in order to exercise jointly `any power, privilege, or authority which such agencies share in common and which each might exercise separately.' This joint exercise of power is to be made pursuant to a contract in the form of an interlocal agreement. Section 163.01(5), F.S. `Public agency' is defined by subsection (3)(b) to mean, inter alia, `a political subdivision, agency, or officer of this state or of any state of the United States, including but not limited to, state government, county, city, school district, [and] single and multipurpose special district . . . .'
In 1974, pursuant to the authority of the Florida Interlocal Cooperation Act of 1969, s 163.01, F.S., the Counties of Dade and Monroe and the Cities of Miami, Miami Beach, and Hialeah entered into an interlocal agreement for the purpose of conducting programs on an area-wide basis under the Comprehensive Employment and Training Act of 1973. The name of the entity formed pursuant to the interlocal agreement is the South Florida Employment and Training Consortium. A successor agreement was executed on November 22, 1978, by the same public agencies, and according to information supplied to this office, approved by the United States Department of Labor. You question whether the South Florida Employment and Training Consortium, as an entity separate and apart from the several contracting governmental agencies, can invoke the doctrine of sovereign immunity in liability actions against the Consortium, subject to the waiver of sovereign immunity contained in s 768.28, F.S.
Section 768.28, F.S., in accordance with the provisions of Article X, s 13, State Const., serves to waive the sovereign immunity of the state and its agencies and subdivisions but only to the extent specified in that section. Monetary limitations are specified in subsection (5) of s 768.28. These monetary limitations have recently been increased by the 1981 Legislature. See, Ch. 81-317, Laws of Florida. State agencies or subdivisions are defined by subsection (2) of s 768.28 to `include the executive departments, the Legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; andcorporations primarily acting as instrumentalities or agencies of
the state, counties, or municipalities.' (e.s.) Section768.28(9)(a), provides that no officer, employee or agent of the state or its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injuries or damages suffered as a result of any act, event, omission of action in the scope of his employment or function (unless such person acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property); the exclusive remedy for injury or damages suffered as a result of any act, event or omission of an officer, employee or agent of the state or any of its subdivisions shall be by action against the governmental entity or the head of such entity which the officer, employee or agent is an employee (unless such acts or omissions are committed in bad faith or with malicious purpose or with wanton and willful disregard of human rights, safety or property). Whether the South Florida Employment and Training Consortium can invoke the provisions of s 768.28 in liability actions against it as a separate, independent legal entity or as an agency of the several local governmental units entering into the interlocal agreement requires an examination of the terms and provisions of the agreements and s 163.01, F.S., and an application of the definition of `state agencies or subdivisions' contained in s 768.28, F.S. The Consortium in question is not a corporate body which is acting as an instrumentality of the counties and municipalities which, through their respective representatives on the administrative entity, comprise the Consortium; further, the definition of `state agencies and subdivisions' in subsection (2) of s 768.28, F.S., does not embrace administrative entities such as the one in question created by interlocal agreements. Thus, I am unable to say that the South Florida Employment and Training Consortium independently possesses the sovereign immunity of the state or that it is within the definitional purview of, and subject to the provisions of, s768.28, F.S. To secure the benefits and protection of the waiver of immunity law, liability must attach to the several counties and municipalities which jointly created the Consortium by contract and through their respective representative comprise the Consortium through which they jointly exercise their common authority and functions. Section 163.01(5)(c), F.S., provides that an interlocal agreement may provide for `[t]he precise organization, composition, and nature of any separate *3376 legal or administrative entity created thereby with the powers designated thereto, if such entity may be legally created.'
Subsection (7)(a) of s 163.01, F.S., provides that `[a]n interlocal agreement may provide for a separate legal or administrative entity to administer or execute the agreement which may be a commission, board, or council constituted pursuant to the agreement.' The several units of local government specified in the agreement that the formation of the South Florida Employment and Training Consortium would consist of representatives from each governmental member. In this context, the term `Consortium' suggests an association or union or the joining of the several contracting public agencies for the purpose of carrying out or effecting the agreed upon functions and purposes of the interlocal agreement by and through their respective representatives. Paragraph 4 of the renewed agreement provides that `the representatives to the Consortium from each member local government shall be either an elected official or the chief non-elected/appointed official of local government. Said representative shall be designated by their respective legislative bodies.' Subsection (7)(b) of s 163.01, F.S., goes on to provide:
 A separate legal or administrative entity created by an interlocal agreement shall possess the common power specified in the agreement and may exercise it in the manner or according to the method provided in the agreement. The entity may, in addition to its other powers, be authorized in its own name to make and enter into contracts, to employ agencies or employees, to acquire, construct, manage, maintain, or operate buildings, works, or improvements, to acquire, hold, or dispose of property, and to incur debts, liabilities, or obligations which do not constitute the debts, liabilities, or obligations of any of the parties to the agreement. (e.s.)
Also, paragraph (o) of subsection (5) provides that the `manner of responding for any liabilities that might be incurred through performance of the interlocal agreement and insuring against any such liability' may be provided for in the interlocal agreement. My review of the interlocal agreement in question does not reveal any provision for the manner of responding for liabilities that might be incurred through the performance of the interlocal agreement nor any provision for insuring against any such liability. Neither does my review reveal that the Consortium has been authorized to incur debts, liabilities, or obligations which do not constitute the debts, liabilities or obligations of any of the parties to the agreements. Thus, the several contracting units of local government remain directly and jointly liable for any damages for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any officer or employee of the South Florida Employment and Training Consortium while acting within the scope of his office or employment.
Since s 163.01(4), F.S., authorizes a public agency to `exercise jointly with any other public agency . . . any power, privilege, or authority which such agencies share in common' and might each exercise separately, and s 163.01(5), F.S., provides that such `joint exercise of power . . . shall be made by contract in the form of an interlocal agreement,' and the instant contract makes no provisions for responding for liability incurred through the performance of the contract or insuring against any such liability, I therefore conclude that the several public agencies entering into an interlocal agreement under s 163.01, F.S., remain jointly liable pursuant to the provisions of s 768.28, F.S., for the torts of the officers and employees of an administrative entity created by contract to administer or execute the interlocal agreement; provision can be made in the agreement for the incurrence of debts and liabilities and the agreement can specify the manner of responding for any liabilities that might be incurred through performance of the interlocal agreement and for insuring against any such liability.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General